IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-81-FL

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) CHILDREN'S HOME SOCIETY OF ) NORTH CAROLINA, INC. and ) RONALD E. FORD, SR., Administrator ) of the Estate of Sean Paddock, ) ) Defendants. ) | ORDER |

This matter comes before the court on Proposed Defendant-Intervenors and Crossclaim Plaintiff-Intervenors Carl and Sandra Vorenkamp's ("the Vorenkamps") motion to intervene as defendants (DE # 51). Plaintiff filed a response in opposition (DE # 57) to which the Vorenkamps replied. For the reasons stated below, the Vorenkamps' motion is denied.

## BACKGROUND

Plaintiff Scottsdale Insurance Company filed complaint for declaratory judgment on February 21, 2012, against defendants Children's Home Society of North Carolina, Inc. ("CHSNC") and Ronald E. Ford, Sr., Administrator of the Estate of Sean Paddock ("Ford"). The parties seek to determine insurance coverage regarding a suit filed on February 13, 2012, in state court by defendant Ford against Johnny and Lynn Paddock ("Mr. and Mrs. Paddock" or "the Paddocks"), and defendant CHSNC for personal injury and wrongful death claims arising out of the death of Sean Paddock.

Sean and his biological siblings David and Hannah were adopted by the Paddocks. In the underlying state court suit, defendant Ford alleged Sean suffered verbal, emotional, and physical abuse at the hands of Mrs. Paddock which finally led to Sean's death. Defendant Ford further alleged Defendant CHSNC had an active role in the adoption process which placed Sean with the Paddocks, and that it was negligent in failing to discover facts and circumstances that would have prevented this placement and Sean's subsequent abuse and ultimate death. Defendants Ford and CHSNC have since reached an approved settlement in the underlying suit but issues of coverage remain pending, the resolution of which will determine whether plaintiff or defendant CHSNC will pay the settlement recovery obtained by defendant Ford.

After Sean's death, the Vorenkamps adopted David and Hannah. On November 8, 2012, the Vorenkamps filed a separate complaint in state court against CHSNC on behalf of David and Hannah, alleging similar abuse by Mrs. Paddock. On December 6, 2012, the Vorenkamps filed a motion to intervene in the instant declaratory action as of right, or alternatively, by permission of the court pursuant to Federal Rule of Civil Procedure 24. The motion is opposed by plaintiff and ripe for ruling.

## COURT'S DISCUSSION

A.  Standard of Review

Rule 24(a)(2) governs intervention by right, and provides as follows,

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Thus, in addition to demonstrating timeliness of the motion, an applicant

2

must show: (1) interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation. Teague v. Bakker, 931 F.2d 259, 260-61 (4th Cir. 1991).

Rule 24(b) provides for permissive intervention of parties. Rule 24(b)(1)(B) states that on timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). The court enjoys substantial discretion over allowing or rejecting motions to intervene under Rule 24(b). Hill v. Western Elec. Co., 672 F.2d 381, 385–86 (4th Cir.1982); Black v. Central Motor Lines, Inc., 500 F.2d 407, 408 (4th Cir.1974).

B. Analysis

Under Rule 24, regardless of whether a movant seeks to intervene as of right, or permissive intervention, their motion must be timely. Fed. R. Civ. P. 24(a)(2), (b)(1). Timeliness is a "cardinal consideration" of whether to permit intervention. Houston General Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999). In determining of an application for intervention is timely the court should consider the following factors: (1) how far the suit has progressed; (2) the prejudice that delay might cause other parties; and (3) the reason for the tardiness in moving to intervene. Scardelletti v. Debarr, 265 F.3d 195, 202–03 (4th Cir. 2001), rev'd on other grounds by Devlin v. Scardelletti, 536 U.S. 1 (2002) (citations omitted). The most important consideration is whether the delay moving to intervene has prejudiced the other parties. Hill, 672 F.2d at 386.

In this case, the parties have agreed to proceed directly to dispositive motions in order to promote swift resolution of the case. See Case Management Order 2 (DE # 29). Therefore, the suit

3

has progressed all the way to pending to cross-motions for summary judgment (DE ## 34, 38, 41). The advanced stage of this litigation militates strongly against intervention. At least one federal court has held that where dispositive motions are pending a motion to intervene is untimely. See Alaska Excursion Cruises, Inc. v. United States, 603 F. Supp. 541, 551 (D.D.C. 1984). Further, a court within the Fourth District has found a motion to intervene untimely where briefing on cross-motions for summary judgment had been completed four months before. See Greenwich Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, No. 2:09-0351, 2010 WL 3852403, at *2 (S.D.W.Va. Sept. 30, 2010). Here also, briefing on all motions for summary judgment was completed four months prior to the Vorenkamps' motion.

Looking to the second timeliness factor, this intervention would be prejudicial to the parties by delaying resolution of their declaratory judgment action, in which no other proceedings are pending. While the Vorenkamps state they wish to adopt wholesale the arguments of defendant, the mere presence of additional claimants introduces new issues, such as how many claims occurred for purposes of calculating applicable limits. Therefore intervention by the Vorenkamps would necessarily cause delay which would be prejudicial to plaintiff and the remaining parties and intervention, be it permissive or as of right, is not proper in this case.[1]

---

[1] The Vorenkamps have also failed to demonstrate a right to intervene where they have not shown inadequacy of representation. "When a party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented," which a movant may only overcome by showing "adversity of interest, collusion, or nonfeasance." Commonwealth of Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976). The Vorenkamps have retained the same counsel as defendant Ford and seek to adopt the same arguments as those made by defendant Ford, who himself adopted the arguments made by defendant CHSNC. Thus they have the same ultimate objectives and have failed to show any "adversity of interest, collusion, or nonfeasance." See id. (court denied intervention finding it "difficult . . . to consider the representation . . . inadequate" where party seeking to intervene filed nearly identical pleadings to those filed by party to the suit).

4

## CONCLUSION

Based on the foregoing, the Vorenkamps' motion to intervene is DENIED.

SO ORDERED, this the 27' day of February, 2013.

LOUISE W. FLANAGAN
United States District Judge

5